RECEIVED
IN ALEXANDRIA, LA.
NOV 2 0 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEWAYNE BATES (D.O.C. #357156) | DOCKET NO. 09-CV-789; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Dewayne Bates filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 in the Middle District of Louisiana on April 27, 2009. The case was transferred to this District on May 12, 2009, and Plaintiff's motion for leave to proceed *in forma pauperis* was granted on May 14, 2009. [Doc. #6]

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. He complains that he was wrongfully deprived of good time credits while incarcerated at WCC, and he seeks an order restoring his good time credits and an immediate release from prison. The only named defendant is Warden Tim Wilkinson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

Plaintiff alleges that he was sentenced on April 8, 1996 under Good Time Act 138, and when he arrived at Avoyelles Correctional

Center he signed a contract to start receiving good time. Plaintiff alleges that he was informed that the most good time that he could lose for a disciplinary conviction was the amount that he had earned during that particular month. Plaintiff claims that he was wrongfully deprived of more than thirty days of good time on each of the following dates:

February 19, 2002 (lost 180 days of good time)
May 15, 2002 (lost 60 days of good time)
April 13, 2004 (lost 180 days of good time)
June 2, 2004 (lost 90 days of good time)
June 12, 2007 (lost 160 days of good time)
May 20, 2008 (lost 90 days of good time)
March 19, 2009 (lost 180 days of good time)

Plaintiff claims that a facility run by Corrections Corporation of America (CCA) can only *recommend* to the Department of Corrections (DOC) that an inmate's good time be forfeited unless there is a DOC representative on the disciplinary board, in which case the good time may be ordered immediately forfeited. Plaintiff complains that the disciplinary board at Winn Correctional is wrongfully taking good time from inmates without any DOC representative present at the disciplinary hearing or on the Board.

## Law and Analysis

Plaintiff seeks a speedier release from custody. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). A section 1983 action is appropriate for recovering damages resulting from mistreatment or illegal administrative procedures; **a *habeas action is the***

2

***appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.***  See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). Plaintiff is challenging the fact and duration of his confinement and seeks an immediate release from custody.  Thus, his claim lacks an arguable basis in law or fact.

Before filing a federal habeas corpus action, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).[1]

## Conclusion

Because Plaintiff seeks the restoration of his good time credits and a release from custody, **IT IS RECOMMENDED THAT** Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as

---

[1]Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988).  That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971).  A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.  Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990).  Specifically, the proper procedure in Louisiana for challenging the computation of a sentence is as follows:
  (1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process.  La. R.S. 15:1176.
  (2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.
  (3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal.  See La. R.S. 15:1177A(10) and R.S.13:312(1).
  (4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court.  La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B). Plaintiff may file a petition for habeas corpus after exhausting all remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 20th day

_____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4